UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-7659 CAS (Ex) | Date | July 27, 2010 |
|---|---|---|---|
| Title | MARR INVESTMENTS, INC. v. EVERGREEN MARINE CORPORATION (CALIFORNIA) LTD. ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | NOT PRESENT | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** **(In Chambers): PLAINTIFF'S COUNSEL'S MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF** (filed 07/19/10)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. The hearing date of August 23, 2010, is hereby vacated and the matter is hereby taken under submission.

On July 19, 2010, Anthony S. Barilari ("Barilari") filed the instant motion to withdraw as counsel for plaintiff Marr Investments, Inc. ("Marr Investments"). Barilari contends that his attorney-client relationship with plaintiff has broken down and as such, it has become unreasonably difficult for Barilari to represent plaintiff in the instant case. Mot. at 3. Specifically, Barilari states that plaintiff has taken positions inconsistent with his, insulted his profession and ethics, and insists upon pursuing a course of conduct that is contrary to his professional advice. Id. Lastly, Barilari states that he is in the process of dissolving his law practice and is joining the Law Office of Steven P. Chang, which is not willing to enter into an attorney-client relationship with plaintiff. Id.

Local Rule 83-2.9.2.1 allows an attorney to withdraw as counsel only upon leave of the court. If withdrawal will cause delay in the case, the court will not allow the attorney to withdraw unless "good cause is shown and the ends of justice

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7659 CAS (Ex) | Date | July 27, 2010 |
|---|---|---|---|
| Title | MARR INVESTMENTS, INC. v. EVERGREEN MARINE CORPORATION (CALIFORNIA) LTD. ET AL | | |

require [such relief]."  L. R. 83-2.9.2.4.  Under California Rule of Professional Conduct 3-700(C), an attorney may withdraw where the client "renders it unreasonably difficult for the [attorney] to carry out the employment effectively" or where the client "insists . . . that the [attorney] engage in conduct that is contrary to the judgment and advice of the [attorney] but not prohibited by [the rules of professional conduct] or the state bar act."  If withdrawal is allowed, the affected parties then "shall appear *pro se* or appoint another attorney by a written substitution of attorney."  L.R. 83-2.9.2.3.  However, a corporation "may not appear in any action or proceeding *pro se*."  L. R. 83-2.10.1.

Because Barilari has made a sufficient showing of good cause, the Court hereby GRANTS his motion to be relieved as counsel.  Barilari is hereby ordered to provide Marr Investments with notice of the Court's order in accordance with Local Rule 83-2.9.2.3.  Because Marr Investments is a corporate entity, and as such may not appear *pro se*, Barilari is ordered to inform Marr Investments that it must retain new counsel within thirty (30) days of the date this order takes effect. Barilari shall advise Marr Investments that its failure to retain new counsel or otherwise respond within thirty (30) days may result in the imposition of sanctions or the entry of default.  Barilari shall attach a copy of this order to the letter, and shall otherwise comply with all applicable rules of professional responsibility.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |